Turley, J.
delivered the opinion of the court.
James and Sarah Green having obtained a judgment against one Edmond W. Goodrich, caused an execution to be issued thereon: upon this execution, the sheriff returned nulla bona, and that he had summoned James D. Moore, Robert W. Green and Sterling W. Goodrich as garnishees. At the January term, 1840, of tbe Circuit Court of Davidson county, these garnishees appeared and answered. James D. Moore’s answer is in the words following:
“In tbe summer of 1840,1 borrowed of D. M. Goodrich, at two sundry times, five hundred and odd. dollars, at six months; and before the notes fell due, Mrs. Lucy B. Goodrich, wife of E. W. Goodrich, presented my notes for payment, and told me her brother D. M. Goodrich had loaned ihe money to me for her. I told her I had not the money to lift the notes; that she would have to get them cashed in Nashville, as she was going away. I saw her a few days after, and she told me Mr. Robert Green had my notes and requested me to pay. Mr. Green the *300 money. Last October I received a letter from her, requesting me to pay the money before the sale of the negroes; that was January 2d, 1843.”
The answers of R.W. Green and Sterling W. Goodrich need not be noticed, as they were discharged, and the attempt by the court to connect them with the answer of Moore, so as to supply the defects in his answer, was wholly illegal. In the case of Huff vs. Mills and others, 7 Yerger, 42, the court says: “The liability in such cases of a garnishee depends upon his answer, which in this State is conclusive: if he answers that he executed the negotiable note or bill single, but does not know where it is or who holds it, he does not state that he is indebted to the debtor of the attaching creditor, and no judgment can be given against him.” This view of the case was-concurred in and reiterated in the case of Turner & Armstrong vs. Oglesby, 9 Yerg. 412. These authorities prove two propositions: 1st, that the answer of the garnishee is conclusive; 2d, that it must show that he is indebted to the debtor of the attaching creditor.
The first settles the question as to the power of embracing the answers of several garnishees, so as to extract what will be sufficient to charge one. The second furnishes the test for the construction of the answer of James D. Moore upon which he is liable to be charged, if chargeable at all. Does it state that he is indebted to Edmund W. Goodrich, the debtor of James and Sarah Green, the attaching creditors in this case? Surely not. Nothing from which, it can be even inferred. He says he borrowed at two different times five hundred dollars from D. M. Goodrich and gave his notes at six months; and that afterwards, Lucy B. Goodrich, the wife of E. W. Goodrich, applied to him for their payment, and stated to him that D. M. Goodrich had loaned the money to him for her. Now this can scarcely be tortured into an admission óf indebtedness to E. W. Goodrich. The statement of Lucy B. Goodrich would scarcely, if at all, be evidence of a right in herself, but non constat, (if it is,) that the money belongs to her husband; for, as has been correctly argued, she may have a separate estate of her own; and in cases of garnishment, the liability of a garnishee is not to be arrived at by surmises and inference, but from direct admis *301 sions in his answer, or conclusions necessarily following from them. If the answer be imperfect, let it be amended upon interrogatories, which the court will compel the garnishee to answer: if he answer falsely, there is an end of it: a prosecution for perjury is the punishment: and if he does not know, of course he must be discharged, for he cannot charge himself.
Judgment reversed.